1  PAUL L. REIN, Esq. (SBN 43053)
   JULIE A. OSTIL, Esq. (SBN 215202)
2  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Dr., Suite A
3  Oakland, CA 94612
   Tel: (510) 832-5001
4  Fax: (510) 832-4787

5  Attorneys for Plaintiff:
   STEVE WHITE

6
   WILLIAM E. ADAMS, Esq. (SBN 153330)
7  MARK A. DELGADO, Esq. (SBN 215618)
   FITZGERALD ABBOTT & BEARDSLEY LLP
8  1221 Broadway, 21st Floor
   Oakland, CA 94612
9  Tel: (510) 451-3300
   Fax: (510) 451-1527

10
   Attorneys for Defendants:
11 TOM EPLIN'S AUTOMOTIVE CENTER;
   THOMAS EPLIN; ELLA EPLIN

12

13              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA

14

15 STEVE WHITE,                        CASE NO. C-06-5871 JSW
                                       Civil Rights
                Plaintiff,
16

17 v.                                  CONSENT DECREE AND [PROPOSED]
                                       ORDER
18 TOM EPLIN'S AUTOMOTIVE
   CENTER; THOMAS EPLIN; ELLA
19 EPLIN; and DOES 1-25, Inclusive,

20              Defendants.

21

22                              _____/

23              **CONSENT DECREE AND ORDER**

24      1.      Plaintiff STEVE WHITE filed a Complaint in this action on September 22,

25 2006, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

26 §§ 12101 et seq., and California civil rights laws against Defendants, TOM EPLIN'S

27 AUTOMOTIVE CENTER; THOMAS EPLIN; ELLA EPLIN; and DOES 1-25, Inclusive.

28 Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54.1,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and [Proposed] Order:**
**Case No. C06-5871 JSW**                — 1 —                S:\jo\Cases\E\Eplin's\pleadings\consent decree - eplin's.doc

1   and 55 of the California Civil Code, and sections 19955 *et seq.*, of the California Health and

2   Safety Code by failing to provide full and equal access to their facilities at the Tom Eplin's

3   Automotive Center located at 16338 E. 14th St., San Leandro, California, when plaintiff visited

4   the subject facility on April 11, 2006.

5       2.    Defendants TOM EPLIN'S AUTOMOTIVE CENTER; THOMAS EPLIN; and

6   ELLA EPLIN; ("Defendants") deny the allegations in the Complaint and by entering into this

7   Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's

8   Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for

9   the purpose of resolving this lawsuit without the need for protracted litigation, and without the

10   admission of any liability.

11

12   **JURISDICTION:**

13       3.    The parties to this consent decree agree that the Court has jurisdiction of this

14   matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act

15   of 1990, 42 USC 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations

16   of California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Code

17   of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

18       4.    In order to avoid the costs, expense, and uncertainty of protracted litigation, the

19   parties to this consent decree, without admitting any liability, agree to entry of this Order to

20   resolve all claims regarding injunctive relief raised in the Complaint filed with this Court.

21   Accordingly, they agree to the entry of this Order without trial or further adjudication of any

22   issues of fact or law concerning plaintiff's claims for injunctive relief.

23       WHEREFORE, the parties to this consent decree hereby agree and stipulate to

24   the Court's entry of this Consent Decree and Order, which provides as follows:

25

26   **SETTLEMENT OF INJUNCTIVE RELIEF**:

27       5.    This Order shall be a full, complete, and final disposition and settlement of

28   Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and [Proposed] Order:**
**Case No. C06-5871 JSW**      — 2 —      S:\jo\Cases\E\Eplin's\pleading\consent decree - eplin's.doc

1    Complaint.  The parties agree that there has been no admission or finding of liability or

2    violation of the ADA and/or California civil rights laws, and this Consent Decree and Order

3    should not be construed as such.

4         6.         The parties agree and stipulate that the corrective work will be performed in

5    compliance with the standards and specifications for disabled access as set forth in the

6    California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility

7    Guidelines, unless other standards are specifically agreed to in this Consent and Order:

8         a)    Remedial Measures: The injunctive relief agreed upon by the Parties is attached

9    as **Attachment A** to this Consent Decree, which is incorporated herein by reference as if fully

10   set forth in this document.  Defendants agree to undertake all remedial work and remove all

11   barriers set forth in **Attachment A**.  Defendants may either follow the suggested plans

12   provided in Attachment A or may provide their own plans which provide for equivalent or

13   greater access.

14        b)    Timing of Injunctive Relief:  Defendants will submit plans for all corrective

15   work to the appropriate building department within 30 days of entry of this consent decree and

16   order by the court, will commence work within 30 days of receiving approval from the building

17   department, and will complete work within 30 days of commencement.  For corrective work

18   not requiring building permits, defendants shall complete the work within 60 days of the entry

19   of this consent decree and order by the court.  In the event that unforeseen difficulties prevent

20   defendants from completing any of the agreed-upon injunctive relief, defendants or their

21   counsel will notify plaintiff's counsel in writing within 15 days of discovering the delay.

22   Defendants or their counsel will notify plaintiff's counsel when the corrective work is

23   completed, and in any case will provide a status report no later than 120 days from the entry of

24   this consent decree, and each 120 days thereafter until all work has been completed.

25

26   **ENTIRE CONSENT ORDER:**

27        7.         This Consent Order and Attachment A to this Consent Decree, which is

28   incorporated herein by reference as if fully set forth in this document, constitutes the entire

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and [Proposed] Order:**
**Case No. C06-5871 JSW**                    — 3 —                    S:\jo\Cases\E\Eplin's\pleadings\consent decree - eplin's.doc

1    agreement between the signing parties on the matters of injunctive relief, and no other

2    statement, promise, or agreement, either written or oral, made by any of the parties or agents of

3    any of the parties, that is not contained in this written Consent Order, shall be enforceable

4    regarding the matters of injunctive relief described herein.  This consent decree applies to

5    plaintiff's claims for injunctive relief only.

6

7    **CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

8           8.      This Consent Order shall be binding on Plaintiff STEVE WHITE, Defendants,

9    TOM EPLIN'S AUTOMOTIVE CENTER; THOMAS EPLIN; ELLA EPLIN; and any

10   successors in interest.  The parties have a duty to so notify all such successors in interest of the

11   existence and terms of this Consent Order during the period of the Court's jurisdiction of this

12   consent decree.

13

14   **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO**

15   **INJUNCTIVE RELIEF ONLY:**

16          9.      Each of the parties to this Consent Decree understands and agrees that there is a

17   risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them

18   will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which

19   are unknown or unanticipated at the time this Consent Decree is signed.  Except for all

20   obligations required in this Consent Decree, the parties intend that this Consent Decree apply to

21   all such further loss with respect to the Lawsuit, except those caused by the parties subsequent

22   to the execution of this Consent Decree. Therefore, except for all obligations required in this

23   Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands,

24   actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit,

25   whether the same are known, unknown or hereafter discovered or ascertained, and the

26   provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section

27   1542 provides as follows:

28          A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE

LAW OFFICES OF
PAUL L. REIN-
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-5871 JSW                — 4 —                S:\jo\Cases\E\Eplin's\pleadings\consent decree - eplin's.doc

1  CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE

2  TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST

3  HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

4  This waiver applies to the injunctive relief aspects of this action only and does not include

5  resolution of plaintiff's claims for damages, attorney fees, litigation expenses and costs.

6      10.    Except for all obligations required in this Consent Decree, and exclusive of the

7  referenced continuing claims for damages, statutory attorney fees, litigation expenses and costs,

8  each of the parties to this Consent Decree, on behalf of each, their respective agents,

9  representatives, predecessors, successors, heirs, partners and assigns, releases and forever

10  discharges each other Party and all officers, directors, shareholders, subsidiaries, joint

11  venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance

12  carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands,

13  actions, and causes of action of whatever kind or nature, presently known or unknown, arising

14  out of or in any way connected with the Lawsuit.

15

16  **TERM OF THE CONSENT ORDER**:

17      11.    This Consent Order shall be in full force and effect for a period of twelve (12)

18  months after the date of entry of this Consent Order, or until the injunctive relief contemplated

19  by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this

20  action to enforce provisions of this Order until the injunctive relief contemplated by this Order

21  is completed.  Within sixty (60) days after said work is completed, Plaintiff shall dismiss this

22  action with prejudice.

23

24  **SEVERABILITY**:

25      12.    If any term of this Consent Decree and Order is determined by any court to be

26  unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in

27  full force and effect.

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1 | **SIGNATORIES BIND PARTIES**:

2 |       13.       Signatories on the behalf of the parties represent that they are authorized to bind

3 | the parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in

4 | counterparts and a facsimile signature shall have the same force and effect as an original

5 | signature.

6 |

7 | Dated: May 24, 2007

8 |

9 |                                                             Plaintiff STEVE WHITE

10 | Dated: May ___, 2007

11 |

12 |                                                             Defendant TOM EPLIN'S AUTOMOTIVE
                                                                CENTER

13 |

14 | Dated: May ___, 2007

15 |

16 |                                                             Defendant THOMAS EPLIN

17 | Dated: May ___, 2007

18 |

19 |                                                             Defendant ELLA EPLIN

20 |

21 | APPROVED AS TO FORM:

22 | Dated: May ___, 2007                             PAUL L. REIN
                                                                JULIE A. OSTIL
23 |                                                             LAW OFFICES OF PAUL L. REIN

24 |

25 |                                                             Attorneys for Plaintiff
                                                                STEVE WHITE

26 |

27 |

28 |

LAW OFFICES OF
AUL L. REIN
AKISIDE DR., SUITE A
AND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-5871 JSW                                — 6 —

**SIGNATORIES BIND PARTIES:**

13. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: May ___, 2007

Dated: ~~May~~ June 25, 2007

Plaintiff STEVE WHITE
_____

_____
Defendant TOM EPLIN'S AUTOMOTIVE
CENTER

Dated: ~~May~~ Jun 25, 2007

_____
Defendant THOMAS EPLIN

Dated: ~~May~~ June 25, 2007

_____
Defendant ELLA EPLIN

APPROVED AS TO FORM:

Dated: May ___, 2007

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
STEVE WHITE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-5871 JSW                    — 6 —

**SIGNATORIES BIND PARTIES**:

13.     Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: May __, 2007

_____
Plaintiff STEVE WHITE

Dated: May __, 2007

_____
Defendant TOM EPLIN'S AUTOMOTIVE CENTER

Dated: May __, 2007

_____
Defendant THOMAS EPLIN

Dated: May __, 2007

_____
Defendant ELLA EPLIN

APPROVED AS TO FORM:

Dated: May 24 2007

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

_Julie Ostil_
Attorneys for Plaintiff
STEVE WHITE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-5871 JSW                                      — 6 —

S:\jo\Cases\E\Eplin's\pleadings\consent decree - eplin's.doc

Dated: ~~May~~ June 26, 2007

WILLIAM E. ADAMS
MARK A. DELGADO
FITZGERALD ABBOT & BEARDSLEY LLP

Attorneys for Defendants
TOM EPLIN'S AUTOMOTIVE CENTER;
THOMAS EPLIN; ELLA EPLIN

## ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

The parties shall file joint status reports every 120 days regarding the progress of resolving the remaining apsects of this matter. The parties first joint status report shall be due 120 days from the date of this Order.

Dated: June 27, 2007

HON. JEFFREY S. WHITE
U.S. DISTRICT JUDGE

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-5871 JSW

— 7 —

**Steve White v. Eplin's Automotive, et al., Case No. C06-5871 JSW**
**Attachment A to Consent Decree and Order**
**Page 1 of 7**

## I.  Path of Travel from Sidewalk

**A.  Pedestrian Gate Strike Edge Clearance** – Reverse the current location of the hinges for this gate to provide a clear door landing on the strike edge of the gate that extends 24" minimum beyond the strike edge of the door.

**B.  Pedestrian Gate Hardware** – Replace the existing hardware with lever-type hardware that does not require grasping, pinching or twisting of the wrist to operate.

**C.  Pedestrian Gate 10" Push Plate** – Provide a push plate on the interior or push side of this door, which is a smooth uninterrupted surface extending a minimum of 10" above the finished surface required by the code.

**D.  Stripped Pedestrian Pathway** – Provide a stripped pedestrian pathway between the gate at the boundary of the site and the primary entrance to the office that is a minimum of 48" wide, has no slope within it that exceeds 5% unless it complies with the requirements for ramps and does not compel persons with disabilities to wheel or walk behind parked cars other than their own.

## II.  Parking Lot

**A.  Entrance to Lot Signage** – Provide a sign at each entrance to the parking lot, or at the end of each designated accessible parking space, which informs individuals that parking illegally in designated accessible parking spaces may result in having their car towed.  In addition, the sign must give individuals the location and phone number where their towed vehicles may be retrieved.



FIGURE 11D-18A—DOUBLE PARKING STALLS

* 18", 8", 9" and 5" are incorrect. Figures should read 18-feet, 9-feet, 8-feet, and 5-feet. This will be submitted for correction in Rulemaking.
** Figure should be amended to more clearly identify that at the bottom of the loading and unloading access aisle the words "NO PARKING" shall be painted on the ground within each eight-foot loading and unloading access aisle. This will be submitted for correction in Rulemaking.

**Steve White v. Eplin's Automotive, et al., Case No. C06-5871 JSW**
**Attachment A to Consent Decree and Order**
**Page 2 of 7**

**B.** **Van Accessible Space** – The first designated accessible parking space provided in the parking lot must be a van accessible space, which has an unloading zone adjacent to it that is wider than that in a standard accessible space. Provide a "van accessible" space that meets all of the specifications illustrated in the drawing above, including an 8-foot-wide loading zone that is to the right of the space. Note that the illustration (taken from the California Building Code) is *not* to scale.

**C.** **Signage At Space** – Provide a sign centered on the front of the parking space, which is the international symbol of accessibility and is a minimum of 70 square inch in size, mounted at a minimum height of 80".

**D.** **Curb Ramp** – This curb ramp should be removed and relocated so the slope of the curb ramp or the flared sides don't intrude into any portion of an accessible parking space or the adjacent unloading zone.

    **1.** **Slope** – Install a fully complying curb ramp, which has a maximum slope of 8.33% and flared sides with a maximum slope of 10%.

**III.Business Office**

**A.** **Push Pressure** – Adjust or replace the door closers so the maximum force required to open the doors is 8.5 pounds of pressure.

**B.** **10" Push Plate** – Provide a push plate on the interior or push side of this door, which is a smooth uninterrupted surface extending a minimum of 10" above the finished surface required by the code.

**C.** **Doormat** – Either remove the existing doormat at this entrance or firmly attach it to the surface so it cannot be easily moved or raised up or buckle as a wheelchair or other mobility assistive device crosses over it.

**D.** **Service Counter** – Provide a lower section of counter that has a maximum height of 34" above the finished floor and a minimum length of 36".

**E.** **Service Desk** – Provide a lower section of counter that has a maximum height of 34" above the finished floor and a minimum length of 36".

**IV.Restroom in Showroom** – Bring one restroom into full compliance with the restroom plan shown below and add the following specifications to bring the restroom into full compliance with the requirements of the code to the maximum extent feasible. If this restroom is brought into compliance, then the other restrooms do NOT need to be remediated (and should not be designated as "accessible"). Instead, signage should be placed at the inaccessible restrooms, directing disabled persons to the accessible restroom inside the showroom.

**A.** **Path of Travel to Restroom** – Provide a clear door landing that extends 18" minimum or 24" preferred beyond the strike edge of the door.

**B.** **Signage**

    **1.** **ADA Signage** – Install a fully compliant ADA sign including raised characters and Grade No. 2 on

**Steve White v. Eplin's Automotive, et al., Case No. C06-5871 JSW**
**Attachment A to Consent Decree and Order**
**Page 3 of 7**

the latch side of the exterior of the door, centered at a height of 60" above the finished floor or relocate the ADA sign so that it is centered at a height of 60" above the finished floor.

2. **Title 24 Signage** – Relocate an existing sign so it is centered at a height of 60" on center above the finished floor, or install a clearly contrasting circle with an equilateral triangle superimposed on it that is exactly 12" on each side on the bathroom door in this location.

C. **Hardware on Door** – Provide lever-type hardware that does not require grasping, pinching or twisting of the wrist to operate.

D. **Push Pressure on Door** – Adjust or replace the existing door closer so the maximum pressure required to open the door is 5 pounds of pressure.

E. **Restroom Fixtures** – Insure that all fixtures in the restroom are mounted with their operational controls are set within 40" of the finished floor and are located adjacent to a 30" by 48" clear floor space. These fixtures include the soap dispenser, paper towel dispenser, tampon dispenser, sanitary seat cover dispenser and the lower edge of the mirror.

F. **Toilet** – Install a toilet that has a height of 17" to 19" above the finished floor, which provides 48" of clear space in front of the toilet. The toilet must be 18" on center from the side wall, either by use of an offset flange or by furring out the side wall by adding a block of wood between the wall and the grab bar.

G. **Grab Bars** – Provide a grab bar on the wall behind the toilet, which is a minimum of 36" long, has a diameter of 1 1/4" to 1 1/2", provides a 1 1/2" knuckle space, is mounted at a height of 33" on center above the finished floor and is firmly attached to the wall. Provide a grab bar on the wall beside the toilet, which is a minimum of 42" long, has a diameter of 1-1/4" to 1-1/2", provides a 1-1/2" knuckle space, is mounted at a height of 33" on center above the finished floor and is firmly attached to the wall.

H. **Sink** –

1. **Insulation on Drainpipe** – Provide insulation on the hot water feed and the drainpipe underneath this sink, so individuals using wheelchairs or other mobility assistive devices do not burn themselves on these hot items.

2. **P-Trap** – Reconfigure the fixture so the maximum distance between the face of the wall and the face of the p-trap is 6" maximum.

**Steve White v. Eplin's Automotive, et al., Case No. C06-5871 JSW**
**Attachment A to Consent Decree and Order**
**Page 4 of 7**



Eplins Automotive
East Restroom Existing

**Steve White v. Eplin's Automotive, et al., Case No. C06-5871 JSW**
**Attachment A to Consent Decree and Order**
**Page 5 of 7**



Eplins Automotive
East Restroom Proposed

Steve White v. Eplin's Automotive, et al., Case No. C06-5871 JSW
Attachment A to Consent Decree and Order
Page 6 of 7

# TOTO®

*Perfection by Design*

# CST733F

### Dalton Two Piece Toilet, 1.6 GPF, Round



CST733F - Dalton Toilet
SS113 - SoftClose Seat



ST733

- Clean lines with convenient tank lid shelf
- Ultra low 1.6 Gpf flush
- Universal Height 16 1/8" rim height
- Siphon Jet Gravity flushing system
- Large water surface
- Wide, 2-1/8" computer designed trapway

High profile ADA compliant two-piece toilet with 12" rough-in. Low consumption (6 Lpf/1.6 Gpf) siphon jet flushing action.

Tank cover, fittings, chrome plated trip lever, less seat.

**CST733F**
Round, less seat, 12" rough-in.

**❏ C733F**
Round front bowl only, 12" rough-in.

**❏ ST733**
Tank and cover only. Complete with tank trim and coupling components.

**❏ SS113**
Round closed front toilet seat and cover with SoftClose hinge system. Mounting hardware included.

*Colors:*
*Standard    #01 Cotton*
*Optional    See price book for additional colors*

*Trip Lever:*
*Standard    Chrome Plated*
*Optional    See price book for additional finishes*

### Augusta Residential Line

Steve White v. Eplin's Automotive, et al., Case No. C06-5871 JSW
Attachment A to Consent Decree and Order
Page 7 of 7

# CST733F
## Dalton Two Piece Toilet, 1.6 GPF, Round

### ▧ PERFORMANCE

The TOTO 1.6 GPF toilet scored the highest possible rating in independent laboratory performance tests. With a powerful and quiet flush design, the toilet also offers a large water surface.

### ▧ SPECIFICATIONS

| | |
|---|---|
| Water Use: | 6Lpf/1.6Gpf |
| Flush System: | Siphon Jet Gravity flushing system |
| Min. Water Pressure: | 8 psi |
| Water Surface: | 8-5/8" x 7-1/2" |
| Trap Diameter: | 2-1/8" |
| Rough-in: | 12" |
| Trap Seal: | 2-1/8" |
| Warranty: | Five Year Limited Warranty |
| Material: | Tank & Bowl: Vitreous china |

| Shipping Weight: | ST733 | 40 lbs. |
|---|---|---|
| | C733F | 49 lbs. |

| Shipping Dimensions: | ST733 | 21-1/4"L x 8-1/4"W[1] x 17-1/8"H |
|---|---|---|
| | C733F | 25-3/8"L x 9-5/8"W[1] x 15-5/8"W[2] x 16-3/4"H |

*Fixture dimensions and hydraulic performance meet or exceed ANSI/ASME standard A112.19.2M and CAN/CSA B 45 requirements.*

*Listing / Approvals: IAPMO/UPC, CSA, City of Los Angeles, State of Massachusetts, and others*



CST733F - Dalton Toilet


Perfection by Design

TOTO U.S.A., INC. • 1155 Southern Road, Morrow, GA 30260
Tel. (770) 282-8686 • Fax. (770) 282-8701 • www.totousa.com
Printed in U.S.A. © TOTO LTD. 03/02 #A10125B

Printed on recycled paper ♻
REV 03/02